MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DANIEL KALEBA (CABN 223789)
STEPHEN MEYER (CABN 263954)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    daniel,kaleba@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 12-00723 EJD |
| Plaintiff, | ) UNITED STATES' OPPOSITION TO |
| | ) DEFENDANT'S MOTION TO CONTINUE |
| v. | ) SENTENCING TO MARCH 26, 2015 |
| JOSE FARIAS BARAJAS, | ) |
| Defendant. | ) |

      The government opposes defendant Jose Barajas's motion to continue his sentencing. He entered his guilty plea on March 20, 2014. Docket No. 72. Recognizing that the defendant was facing a significant sentence, and to give defense counsel additional time to prepare for sentencing, the original sentencing date was set for October 7, 2014. *Id.* At the defendant's request, on September 30, 2014, the parties stipulated to a continuance of the sentencing date to January 29, 2015. Docket No. 78. The basis for the continuance was the need for the defense to conduct unspecified "sentencing related investigation and evaluations." *Id.* at ¶ 2. The Court granted this request. Defendant now proffers that it requires additional time because, in counsel's opinion, the defendant "suffers from severe cognitive and psychological disabilities," and that these disabilities were a significant factor in the underlying offense

OPPN. TO MOTION TO CONTINUE SENTENCING
CR 12-00723 EJD

conduct, and are a significant mitigating factor under 18 U.S.C. § 3553.

The government has two concerns. Foremost is the right of the victims to a conclusion of these proceedings without unnecessary delay. Federal Rule 32(b)(1). Second, the factual record concerning the purported disability is vague and unsubstantiated. The defendant did not participate in an interview by the Probation Officer during the presentence investigation, and nothing is noted in the PSR about any disability. Final PSR ¶¶ 58, 90, and 91. Defense claims that Mr. Barajas "has undergone neurological testing," but no report has been provided to the government identifying what the "neurological test" was, by whom the test was conducted, or what the test determined. The government has not been provided any records by the defense substantiating any claims of a mental disease or defect. The defense also states that it has retained an expert to conduct testing and to prepare an evaluation, but the government has not been provided any expert discovery for this person.

The government respectfully requests that the Court set the matter for a status hearing. The record should be clarified on what the claimed disability is, and whether or not the defendant is claiming that he is suffering from a mental disease or defect rendering the defendant mentally incompetent to continue these proceedings. 18 U.S.C. § 4241(a). The government also requests the opportunity to be heard on the issue of expert testing, and whether the Court should order its own independent evaluation as part of the presentence investigation.

Government counsel will make itself available this week should the Court wish to specially set the matter prior to the holiday break.

DATED: December 15, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

   /s/
DANIEL KALEBA
STEPHEN MEYER
Assistant United States Attorneys

OPPN. TO MOTION TO CONTINUE SENTENCING
CR 12-00723 EJD