MARK D. FLANAGAN (SBN 130303)
  Mark.Flanagan@wilmerhale.com
MICHAEL A. MUGMON (SBN 251958)
  Michael.Mugmon@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Tel:     (650) 858-6000
Fax:    (650) 858-6100

Attorneys for Defendant Victor Manuel Rodriguez

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>VICTOR MANUEL RODRIGUEZ,<br><br>                    Defendant. | Case No.  CR 12-00723-EJD<br><br>DEFENDANT VICTOR MANUEL RODRIGUEZ'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM<br><br>The Honorable Edward J. Davila<br><br>Sentencing Date:   January 13, 2015<br>Sentencing Time:   9:30 a.m. |

Defendant, VICTOR RODRIGUEZ, by and through his undersigned counsel, hereby submits his response to the Government's Sentencing Memorandum.  As discussed in the Defendant's Sentencing Memorandum, Victor should be sentenced to 412 months, the low end of the Guidelines range, because it better serves the goals of sentencing according to Section 3553(a).[1]

---

[1] *See* Victor Rodriguez's Sentencing Memorandum (Jan. 9, 2015).

1. **Category I Classification**

In its Sentencing Memorandum, the Government states that "if [Victor's] prior robbery crime was to be considered part of his criminal history, rather than part of the instant offense conduct, defendant Rodriguez would be in Criminal History Category III."[2] But the Government entered into a Plea Agreement with the Defendant that expressly recognizes that the Ceres robbery conduct was part of the charged conspiracy.[3] Accordingly, under the Guidelines, calculation, (a) the Ceres robbery is part of the relevant conduct for the instant offense, and (b) Victor's Criminal History Category is I, since the Ceres robbery was not a "prior offense." It is irrelevant what Victor's Criminal History Category "would have been" if the Ceres robbery were not part of the broad conspiracy charged by the Government for purposes of calculating Victor's Criminal History Category.

2. **Victim's Status as a Norteño**

Both the Probation Office and the Government argue that Mr. Mendoza was not a Norteño based on one jail classification record stating that he "denied gang affiliation."[4] However, various witness interviews and other evidence uncovered during discovery support the conclusion that Mr. Mendoza behaved as, and was perceived to be, a Norteño, often "flamed in red," in a known Norteño neighborhood.[5] The jail classification records relied on by the Government and the Probation Office only show that at one time the victim denied gang affiliation after previously claiming to be a "northerner."[6] While the Defendant has taken full responsibility for the offense conduct, it is important to understand the context, *i.e.*, the nature and circumstances, of the offense for sentencing purposes, and the context is that the victim was a perceived Norteño, and almost certainly had a Norteño affiliation.

---

[2] *See* Government's Sentencing Memorandum, at 8 (Jan. 9, 2015).
[3] Victor Rodriguez Plea Agreement (Mar. 26, 2014).
[4] *See* Government's Sentencing Memorandum, at 2 (Jan. 9, 2015). The Government states "[i]n fact, the victim was not a gang member. *See also* U.S. Probation Office, Final Presentence Investigation Report, at 11, ¶ 32.
[5] *See* Defendant Victor Rodriguez's Response to the Government's Answer to the Defendant's PSR Objections (Dec. 5, 2014).
[6] *See id.*; *see also* Discovery Document JBVR-000696 (08/20/2009)

**3. General and Specific Deterrence Arguments by Government**

The Government argues for a sentence at the high end of the range based on anonymous speculation. It reiterates the Probation Office's assertion that Victor is a "prominent gang leader" and that he has "risen in the ranks" based on the word of anonymous FBI and Santa Clara jailhouse sources, and that therefore, Victor should be sentenced to the high end of the range.[7] The Government asks the Court to sentence Victor to a sentence of more than 40 years in prison based on uncorroborated information from jailhouse sources for which neither it, nor the Probation Office, has provided any evidence. There is no evidence shown, or argument made, by the Government to show that a sentence of 485 months accomplishes the goals of sentencing better than a sentence of 412 months – more than 30 years. Under Section 3553(a), a sentence must not be "greater than necessary" to accomplish the goals of sentencing.[8] The Government cites no evidence to show that 412 months would not be sufficient to deter anyone else thinking of committing an offense like the one committed by Victor.

The Government also argues that if Victor is released after a 412-month sentence, he will be a "significant danger to the community" because he will be released in his early 50s. However, the Government contradicts itself. It states throughout its Memorandum that Victor is an influential and active gang member, yet it argues for a sentence on the high end on the premise that Victor likely will only serve 85% of his sentence based on good behavior.[9] If Victor is an unrelenting criminal as the Government argues – which it urges as a reason to sentence at the high end of the Guidelines range – it cannot simultaneously presume that he will get out early for *good behavior* and argue on that basis for a longer sentence. The Government also fails to cite any evidence for its belief that Victor will be a "significant danger to the community" if released at an earlier age than his mid-50s. As previously shown in Defendant's Sentencing Memorandum, the Bureau of Prisons has recognized that the older an inmate is

---

[7] *See* Government's Sentencing Memorandum, at 5 (Jan. 9, 2015).
[8] *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). "[A]s modified by *Booker*, Section 3553(a) contains an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing."
[9] *See* Government's Sentencing Memorandum, at 11, n.3 (Jan. 9, 2015).

| Case No.12-00723-EJD | 3 | DEF. VICTOR MANUEL RODRIGUEZ'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM |

1  *generally* upon release, the less likely that he will recidivate. According to the BOP study,
2  inmates between the ages of 46 and 55 have a 23.1% recidivism rate, versus 56.6% for an inmate
3  that is 25 or younger when released.[10] If Victor is sentenced to 412 months, even with credit for
4  time served, he will be in his early 50s by the time he is released. [11]

5        Finally, the Government fails to address that a sentence of 485 months would contradict
6  Section 3553(a)'s goal of providing the defendant with "correctional treatment in the most
7  effective manner." A sentence of 485 months would undermine this goal quite specifically
8  because Victor would be better incentivized to learn a trade and rehabilitate himself if he has a
9  realistic chance at a productive life and a relationship with his daughter upon release.

10        For the foregoing reasons, defendant respectfully requests that the Court impose a
11  sentence at the low end of the Guideline range.

---

[10] *See* Miles D. Harer, Prison Education Program Participation and Recidivism: A Test of the Normalization Hypothesis*,* Federal Bureau of Prisons, Office of Research and Evaluation, at 3, 9, 12 at Table 2 (May 1995), *available at* http://www.bop.gov/resources/research_projects/published_reports/recidivism/orepredprg.pdf. The study showed that the older the prisoner was upon release, the lower the risk of recidivism, and that "[r]ecidivism rates were inversely related to age at release." An inmate released between the ages of 46-55 had a 23.1% recidivism rate as opposed to 56.6% for an inmate that is 25 or younger when released. *See also* Office of the Inspector General, Report No. 04-16: Federal Bureau of Prisons Inmate Release Preparation and Transitional Reentry Programs (Mar. 2004), *available at* http://www.justice.gov/oig/reports/BOP/a0416/intro.htm. The report states: "Older inmates were less likely to recidivate than younger inmates. Fifteen percent of inmates released that were 55 years of age or older recidivated, as compared to 57 percent of inmates that were 25 years of age or younger."

[11] If Victor is released for good behavior, a sentence of 412 months would be reduced to 350 months. Because Victor has already served 34 months for Ceres robbery, and because he has served 28 months awaiting sentencing, he would still serve 288 months, or 24 years. That would make Victor at least 50 years old at the absolute youngest upon release.

| | |
|---|---|
| Dated:  January 21, 2015 | */s/ Mark D. Flanagan* |
| | MARK D. FLANAGAN (SBN 130303) |
| | Mark.Flanagan@wilmerhale.com |
| | MICHAEL A. MUGMON (SBN 251958) |
| | Michael.Mugmon@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, CA  94304 |
| | Tel:     (650) 858-6000 |
| | Fax:    (650) 858-6100 |
| | |
| | *Attorneys for Defendant* |
| | *Victor Manuel Rodriguez* |

Case No.12-00723-EJD         5         DEF. VICTOR MANUEL RODRIGUEZ'S
RESPONSE TO GOVERNMENT'S
SENTENCING MEMORANDUM